## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

```
UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )
                                     )
   vs.                               )     No. 05-4084
                                     )
2002 FORD COACHMAN MOTOR HOME,       )
VIN #1FCLF53S510A20302,              )
                                     )
        Defendant.                   )
```

## ORDER

Before the Court is the United States of America's ("the Government") Application for Entry of Default [Doc. #13]. For the reasons that follow, the Government's Application will be granted.

### BACKGROUND

On May 16, 2005, Defendant, a 2002 Ford Coachman Motor Home ("motor home") was stopped by an Illinois state trooper while traveling eastbound on Interstate 80 through Henry County, Illinois. Upon stopping the motor home, the state trooper discovered large quantities of cocaine and methamphetamine hidden in a secret compartment.

The driver of the motor home at the time it was stopped was Harry Edwin Miles ("Miles"), the sole owner and employee of NLI, Inc., the business to which the motor home was registered. Miles was then arrested and charged with two counts of conspiracy to

distribute and possession with the intent to distribute at least 5 kilograms of cocaine and at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  On November 17, 2005, Miles was convicted by a jury on both counts.

On October 18, 2005, the Government filed an *in rem* verified complaint pursuant to 21 U.S.C. § 881(a)(4) seeking forfeiture of the motor home as a result of its use in the transportation and concealment of controlled substances in violation of 21 U.S.C. § 801, *et seq*.  Public notice of this action and the seizure of the motor home were published in the *Rock Island Argus* in Rock Island, Illinois from November 1, 2005 to November 15, 2005, pursuant to Fed. R. Civ. P. Supp. R. C(4).  In addition, Miles was served with the Complaint and Summons on February 14, 2006, in both his individual and corporate capacities (as representative of NLI, Inc.).

However, no verified claim to the motor home was filed by a potential claimant within the 30 day time period prescribed by Fed. R. Civ. P. Supp. R. C(6)(a)(i)(A).[1]  As a result, the Government filed the instant Application for Entry of Default on

---

[1] Supplemental Rule C(6)(a) reads in relevant part:
   In an in rem forfeiture action for violation of a federal statute[, ] a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right[ ] within 30 days after the earlier of (1) the date of service of the Government's compliant or (2) completed publication of notice under Rule C(4) . . . .

Fed. R. Civ. P. Supp. R. C(6)(a)

2

March 17, 2006. But two weeks later, on March 31, 2006, while this Court was reviewing the Government's Application for Entry of Default, Miles filed a verified claim to the motor home [Doc. #14]. This Court, however, issued a Text Order on April 3, 2006, striking Mile's verified claim because it did not bear his signature or a certificate indicating service on the Government. The following day, Miles re-filed his verified claim to the motor home with a proper signature and a certificate of service. See [Doc. #15].

## **ANALYSIS**

Whether to grant a motion for the entry of default lies within the sound discretion of the district court. Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990); see also Swaim v. Moltan Co., 73 F.3d 711, 716 (7th Cir. 1996) (stating that district court's are "best equipped for determining the appropriate use of default . . . in an environment of limited judicial resources"). As the Seventh Circuit explained, "[a] district court is not required to fire a warning shot;" instead, "[a] district court must have the default judgment readily available within its arsenal of sanctions in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir. 1987) (internal quotations omitted). Indeed, "a district court need not impose *any* lesser sanctions prior to entering the sanction of default

3

judgment." Profile Gear Corp. v. Foundry Allied Indus., Inc., 937 F.2d 351, 354 (7th Cir. 1991) (emphasis in original).

Here, Miles was required to file his verified claim to the motor home by March 16, 2006, and he neither requested, nor was he granted, an enlargement of time to file at a later date. Furthermore, Miles proffers no explanation for the tardiness of his filing and this Court finds no reason to excuse it. See Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990) (finding that the defendants presented the district court with no reason to refrain from entering a default judgment against them because they offered no explanation or justifiable excuse for their failure to respond in a timely manner).

In addition, Miles verified claim and answer to the Government's *in rem* forfeiture compliant presents no "meritorious defenses" to the complaint. Instead, Miles simply attempts to re-litigate the issues resolved against him in his criminal trial and argues that this Court lacks jurisdiction over the forfeiture of the motor home because "'The State of Illinois' has not been ceded to and/or purchased by the United States Government[.]" [Doc. #15, pg. 4].

Thus, this Court will grant the Government's Application for Entry of Default because Miles' failure to file a verified claim to the motor home within a timely manner is simply the result of

his willful, careless, or negligent conduct. See <u>Johnson v. Gudmundsson</u>, 35 F.3d 1104, 1117 (7th Cir. 1994).

IT IS THEREFORE ORDERED that default is hereby entered against Defendant, 2002 Ford Coachman Motor Home (Vin #1FCLF53S510A20302).

IT IS FURTHER ORDERED that this cause of action will be dismissed for failure to prosecute unless within fourteen (14) days of the entry of this Order of Default, the United States of America makes application to this Court for entry of a Default Judgment.

ENTERED this  21st  day of April, 2006.

                                          /s/ Joe B. McDade
                                          Joe Billy McDade
                                      United States District Judge